# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Shirley D. Webster,

    Plaintiff,

v.

Elizabeth A. Shumaker, Clerk of the Court;
Judge Moritz; Judge McKay;
Judge Clara Egan; and
Judge Gregory K. Frizzell,

    Defendants.

Case No. 18-CIV-128-RAW

## OPINION AND ORDER

The Complaint [Docket No. 1] in this matter was filed on April 25, 2018.[1] The court construes Plaintiff's allegations liberally as she is *pro se.* *See Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff argues that she was defrauded of twenty-four million seven hundred thousand dollars by Defendants. All Defendants are officers of the court, either in the Northern District of Oklahoma or the Tenth Circuit Court of Appeals.

Plaintiff has brought various actions in the United States District Court for the Northern District of Oklahoma, but two cases are specifically mentioned in the Complaint and its exhibits (Case Nos. 17-CV-312-GKF-JFJ; and 18-CV-205-CVE-JFJ). The court takes judicial notice of the docket sheets of these two cases from the Northern District of

---

1 The court notes that the attachments to the Complaint reflect that Plaintiff is also known as Shirley Dionne Garrett.

Oklahoma. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... concerning matters that bear directly upon the disposition of the case at hand"). *See also, St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172* (10th Cir. 1979)("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

The first–referenced matter (17-CV-312) was originally filed on June 2, 2017. It is styled *Shirley Dionne Garrett and Dewayne M. Garrett v. Lotus Investment Funds Inc., LLC*. On October 3, 2017, the Honorable Gregory K. Frizzell entered an order granting various motions to dismiss. Plaintiffs appealed to the Tenth Circuit Court of Appeals on October 10, 2017. The Tenth Circuit Court of Appeals issued its Decision on February 28, 2018, and the Mandate was issued on March 22, 2018.

The second-referenced matter (18-CV-205) was removed to the Northern District of Oklahoma on April 13, 2018 from the Washington County District Court. It is styled *Lotus Investment Fund 1, LLC v. Shirley Dionne Garrett and Dwayne M. Garrett*. An Opinion and Order was entered on April 19, 2018, remanding the case to the Oklahoma state court.

Plaintiff alleges that the manner in which the cases were conducted shows the alleged corruption. Plaintiff alleges that the Opinion in the second case was filed "before the mandate was up" in the first case. Both cases apparently involve Plaintiff and a

dispute with Lotus Investment Fund 1, LLC.

The majority of Plaintiff's Complaint, however, makes allegations regarding a divorce decree and the award of marital property between Plaintiff's nephew (Dwayne M. Garrett) and the nephew's ex-wife (Carlotta Lowe Gordon Garrett). That matter has been litigated a number of times in the Northern District of Oklahoma.[2]

**Rule 12(b)(6) Dismissal**

A district court has the authority to *sua sponte* dismiss a claim under Rule 12(b)(6) if it is " 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton,* 483 F.3d 1070, 1074 n. 2 (10th Cir.2007); *see also McKinney v. State of Oklahoma, Dep't of Human Servs.,* 925 F.2d 363, 365 (10th Cir.1991). The court must determine whether Plaintiff has stated a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

> To survive dismissal, a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint is plausible if there are sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is, the factual allegations must be enough to raise a right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Diaz v. United States Attorney Gen.*, 669 F. App'x 949 (10th Cir. 2016).

---

2  In the Order dated April 19, 2018 [Case No. 18-CV-205-CVE-JFJ, Docket No. 7], the Honorable Claire V. Eagan stated that this Plaintiff may have filing restrictions imposed against her if she continues to file frivolous cases in that court.

A claim should be dismissed when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly,* 550 U.S. at 555. However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs,* 263 F.3d 1151, 1154–55 (10th Cir .2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.3d 1106, 1109–10 (10th Cir.1991).

In the instant case, Plaintiff has provided no legal or factual basis for this court to correct any allegedly corrupt behavior on the part of the Defendants, none of which are located within the confines of the Eastern District of Oklahoma. Additionally, this court has no legal basis to exercise jurisdiction over a divorce decree and the award of marital property that has been litigated multiple times in the state court. Any claims regarding the Garrett divorce matter are dismissed on the basis of *res judicata.*

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." However, leave need not be granted where amendment would be futile. *See*

*Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc .,* 175 F.3d 848, 859 (10th Cir.1999); *Mountain View Pharmacy v. Abbott Lab,* 630 F.2d 1383, 1389 (10th Cir.1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

Finally, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

**Immunity**

From the face of the Complaint, all allegations against the Defendants were regarding the performance of their official duties. As to Defendants Moritz, McKay, Egan (sic) and Frizzell, their official duties were as members of the judiciary. As to Defendant Shumaker, her official duties were as Clerk of the Court.

The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). The absolute judicial immunity doctrine is founded on "a general principle of the highest importance to the proper administration of justice" - "that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349,355 (1978)).

The doctrine of absolute judicial immunity applies to all judges. *Id*. There are

only two exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (internal brackets and quotation marks omitted)(quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). As to the first exception, whether an action is within a judge's judicial capacity relates "to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump*, 435 U.S. at 362).

As to the second exception, the scope of a judge's jurisdiction is "construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356-57. For this exception to apply, the judge must have acted "in the clear absence of all jurisdiction." *Id*. The Supreme Court provides an example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." *Id*. at 357 n.7.

As for Defendant Shumaker, the allegations against her involve her office filing the orders of the judges. Those performing ministerial acts at the direction of a judge are also entitled to absolute immunity. *Whitesel v. Sengenberger,* 222 F.3d 861, 869 (10th Cir.2000).

6

**Conclusion**

The claims against all Defendants are for actions taken during the course of their official duties as officers of the court. Those claims are, therefore, DISMISSED under the doctrine of absolute judicial immunity. The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action fails to state a claim on which relief can be granted, and any possible amendment to the complaint would be futile. The court finds that Plaintiff shall not be granted leave to amend the complaint should she request such relief.

It is ordered that Plaintiff's claim is **dismissed with prejudice** for failure to state a claim under Rule 12(b)(6).

Dated this 23rd day of May, 2018.

*Ronald A. White*
_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA